UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ELIAS SALDIVAR, Plaintiff** | § | |
| vs. | § | **CIVIL ACTION NO.:** |
| | § | **7:12-cv-00379** |
| **CITY OF ALTON and JORGE ARCUATE in his** | § | |
| **JORGE ARCAUTE in his individual and** | § | |
| **Official capacity, Defendants** | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ELIAS SALDIVAR,** hereinafter referred to as Plaintiff, complaining of **CITY OF ALTON** and **JORGE ARCAUTE** or collectively as defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

### PARTIES

1) Plaintiff, **ELIAS SALDIVAR**, is a resident of Hidalgo County, Texas.

2) Defendant, **CITY OF ALTON** is a political subdivision and a resident of Hidalgo County and has been served; or has otherwise answered and made an appearance in the case.

3) Defendant, **JORGE ARCAUTE**, is a real person and has been served in his official and individual capacity; or has otherwise answered and made an appearance in the case.

### FACTUAL BASIS

4) The injuries and damages suffered by the Plaintiff and made the basis of this action arose out of a series of occurrences which culminated on or about May 23, 2012, in Hidalgo County, Texas and resulted in the termination of the Plaintiff.

5) ELIAS SALDIVAR served as an employee of the City of Alton, specifically as Fire Chief of the City of Alton Fire Department, as of 2006, until his termination. During the entire period of Plaintiff's employment, plaintiff was a loyal, dedicated and hardworking employee with impeccable yearly evaluations by Defendant, ARCAUTE.

6) During the course of his employment with ALTON, the plaintiff's job duties involved the oversight of the City of Alton Fire Department, the selection of individuals qualified as firefighters; the development and training of firefighters; the organization of the Fire Department; the purchase of equipment; oversight of the City of Alton as Emergency Management Coordinator; and the duties commensurate with that of Fire Chief.

7) During the time of the Plaintiff's tenure as Fire Chief, ELIAS SALDIVAR during the period

between 2008-2009, developed and improved the rating of the City of Alton Fire Department from "non-rated" to a score of five (5) the result being a viable fire department, ISO Insurance ratability for the City of Alton and a revenue increase for the City of Alton Fire Department.

8) On or about the 2009, the political group in the City of Alton, associated with the Mayor Vela hired the Defendant, JORGE ARCAUTE.

9) The Defendant, ARCAUTE, in association with members of the political faction that brought him to the office of City Manager began the systematic migration of "affiliates" from the City of San Juan, Texas.

10) The Plaintiff, ELIAS SALDIVAR refused to associate with the "ARCAUTE group" and continued to work as a dedicated, hardworking and honest member of the City of Alton refusing to "play ball" with the ARCAUTE group.

11) During the period of the ARCAUTE administration, the Plaintiff complained of purchasing improprieties specifically the expenditures involving the building of a new fire station; the hiring of employees that were not qualified or where employed both with the City of Alton and the City of San Juan; bidding procurement and expenditures; the hiring of employees as favors for friends of Defendant, ARCAUTE from San Juan, Texas; and the pre-awarding or rigging of construction contracts regarding the building of the new fire station.

12) After the reporting of improprieties to members of the community, ARCAUTE and other officers with the City of Alton, the Defendant ARCAUTE began the systematic removal of the Plaintiff ELIAS SALDIVAR.

13) ARCAUTE used employee selection, false accusations and a series of pretexts to remove the Plaintiff, ELIAS SALDIVAR from his position as Fire Chief and eventually discharged him using these pretexts in order to place his friends and associates in place of the Plaintiff, ELIAS SALDIVAR.

## SECTION 1983

14) Section 1983 imposes liability for violations of rights protected by the United States Constitution, *Spacek v. Charles,* 928 S.W.2d 88, 92 (Tex.App.--Houston [14th Dist.] 1996, no writ), citing *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 450 (5th Cir.1994)(opin. on reh'g), cert. denied, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994), citing *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979). The Plaintiff asserts that she has been deprived of a Constitutional right and is secured by the United States Constitution. The Plaintiff has a right to speak about a public concern without fear of reprisal, retaliation or a negative employment consequence as in this case. *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d

277 (1991); see Taylor Indep. Sch. Dist., 15 F.3d at 450 (stating the first step in deciding whether defendants are entitled to qualified immunity is to determine whether Constitutional rights were violated).

## FIRST AMENDMENT

15) The Defendants actions are violations of the first Amendment which protects speech by an employee commenting as a citizen on a matter of public concern. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 1690. In the instant case, the Plaintiff as an employee addressing matters of a public concern has his speech protected. The Defendant CITY OF ALTON, by and through its agents, designees and assigns engaged in violations of those right and retaliated against the Plaintiff for exercising those rights. The Plaintiff asserts that under section 1983 cause of action is a federal question and as a federal claim for violation of civil rights is governed by the federal law. The Plaintiff is qualified for the position she holds and has been demoted in retaliation. The Defendants have terminated Plaintiff in retaliation and in order to subdue the Plaintiff's speech

## FREEDOM OF ASSOCIATION

16) The Plaintiff, ELIAS SALDIVAR has suffered a retaliatory discharge because he exercised his freedom of association.

17) SALDIVAR has suffered an adverse employment action and his interest in "associating" did not outweigh the employer's interest in efficiency or the administration of his employment.

18) ELIAS SALDIVAR has solely engaged protected activity and the engagement of his protected right was a substantial and motivating factor in his termination by the Defendants.

## ATTORNEY'S FEES

19) By reason of the allegations of this petition and Title VII of the Civil Rights Act of 1964, as amended, plaintiff is entitled to recover attorney's fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. (Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Civil Rights Act of 1964, as amended).

## EXEMPLARY DAMAGES

20) The conduct of defendants set out above, was carried out maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of this plaintiff.   Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified conduct.

**JURY REQUESTED**

Plaintiff, **ELIAS SALDIVAR** hereby requests that a jury trial be held on said cause.

**WHEREFORE PREMISES CONSIDERED**, plaintiff prays that this Honorable Court grant the following:

a. Judgment against Defendants, jointly and severally, for an amount compensating plaintiff for his damages and injuries, along with any exemplary damages awarded in an amount between a minimum figure of 250,000.00 dollars, the exact amount to be determined by the jury;

b. Prejudgment interest as allowed by law;

c. Attorney, expert and litigation fees and expenses;

d. Interest on said judgment at the legal rate from date of judgment;

e. For costs of suit herein;

f. Such other relief as the Court deems proper.

Respectfully Submitted;

/s/ Fabian Guerrero
Fabian Guerrero
Law Office of Fabian Guerrero
909 South 10th Avenue
Edinburg, Texas 78539
Telephone: 956-318-1161
Facsimile: 956-318-1162
State Bar No.: 00795397
Fed. ID.: 19988

**CERTIFICATE OF SERVICE**

I, FABIAN GUERRERO, hereby certify that a true and correct copy of the above was served on known electronic filing users listed below via the automatic electronic filing notice system on this the 4th day of December, 2012. There are no parties to the instant action that are not electronic users.

/s/ Fabian Guerrero
Fabian Guerrero

**CERTIFICATE OF CONFERENCE**

I, FABIAN GUERRERO, Attorney for Plaintiff, ELIAS SALDIVAR, hereby certify that the filing of this PLAINTIFF'S AMENDED COMPLAINT is being filed as Ordered by the Court on November 20, 2012.

/s/ Fabian Guerrero
Fabian Guerrero