UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

O

| | | |
|---|---|---|
| ELIAS SALDIVAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-379 |
| | § | |
| CITY OF ALTON, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the self-styled "Defendants' Motion for Summary Judgment."[1] In a previous motion to dismiss in this case, the Court found that, taking Plaintiff's allegations in the best possible light, Plaintiff had alleged that he spoke as a citizen and that his free speech rights had been violated.[2] But in this motion for summary judgment, the Court finds that, taking Plaintiff's evidence in the best possible light, Plaintiff has shown that he spoke as a government employee, not as a citizen.

The Court therefore **GRANTS** the motion for summary judgment.

### I. THE SUMMARY JUDGMENT STANDARD

"Summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."[3] Summary judgment is appropriate when the case calls for judgment as a matter of law.[4] In other words, the Court must be able to make a legal ruling without the need to resolve factual disputes.

---

[1] Dkt. No. 20.
[2] Dkt. No. 17.
[3] Crawford-El v. Britton, 523 U.S. 574, 600.
[4] FED. R. OF CIV. P. 56 and 50 present similarities, so that the non-moving party's case must be sufficient to overcome a trial or post-trial motion for judgment as a matter of law.

"A court considering a motion for summary judgment must consider all facts and evidence in the light most favorable to the nonmoving party. Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. In addition, a court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'"[5]

A moving party need not negate the nonmoving party's evidence, but may support its motion by pointing out the nonmoving party's lack of evidence, showing the immateriality of the nonmoving party's evidence, or by itself demonstrating that no genuine dispute exists. After the moving party meets its burden, "the nonmoving party may not rest on mere allegations, but must set forth specific facts indicating a genuine issue for trial."[6]

Here, the Court looks to the motion for summary judgment, and its response and reply, to present the evidence for consideration.[7] Parties may cite to any part of the record, or bring evidence in the motion and response.[8] By either method, parties need not proffer evidence in a form admissible at trial,[9] but must proffer evidence substantively admissible at trial.[10] To be admissible as summary judgment evidence, an affidavit must be based on personal knowledge, contain facts admissible in evidence, and demonstrate affiant's competence.[11]

---

[5] Haverda v. Hays Cnty., 723 F.3d 586, 591 (5th Cir. 2013) (citations omitted).
[6] Elizondo v. Parks, 431 F. App'x 299, 302 (5th Cir. 2011).
[7] FED. R. OF CIV. P. 56(e).
[8] FED. R. OF CIV. P. 56(c).
[9] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[10] *See* Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012 ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[11] FED. R. CIV. P. 56.

## II. FACTS AND EVIDENCE

The list of facts not in dispute here is a short one. Both parties acknowledge that Plaintiff put City fuel into his personal vehicle, and that Plaintiff was terminated after an investigation.[12] From there, the narratives differ.

*Defendants' Assertions and Evidence*

Defendants assert that Plaintiff never complained about any improprieties, and was terminated solely for theft of City fuel.

Defendants support these assertions by attaching the affidavit of the City Manager, Jorge Arcaute.[13] In it, Mr. Arcaute states he received information that Plaintiff was using city fuel in his personal vehicle.[14] Mr. Arcaute states he ordered an investigation, the results of which confirmed Plaintiff's theft of city fuel,[15] and that he terminated Plaintiff solely on this basis. Mr. Arcaute denies that Plaintiff reported to him various instances of corruption.[16] Since the affidavit is based on Mr. Arcaute's personal knowledge gained as city manager for the City of Alton, contains facts that comport with the Federal Rules of Evidence, and demonstrates Mr. Arcaute's competence, it is competent summary judgment evidence and the Court may consider it in the present proceeding.[17]

*Plaintiff's Assertions and Evidence*

In his response, Plaintiff asserts that he had complained about purchasing improprieties, specifically expenditures for the City's new fire station, unqualified hires and cronyism, and bid-rigging.[18] He asserts that he used city fuel in his personal vehicle only when authorized and for a

---

[12] Dkt. No. 21, Attach. 1, at p.3; Dkt. No. 20, Attach. 1, at pp. 1-2.
[13] Dkt. No. 20, Attach 1, Exh. A.
[14] Dkt. No. 20, Attach 1, at p.1, Exh. A.
[15] *Id.*, at p. 1.
[16] *Id.*, at p. 2.
[17] *Id.*
[18] Dkt. No. 21, at p. 2, ¶ 5.

public purpose, and that as a result the grounds given for his termination are baseless.[19] Finally, he contends that his complaints constitute First Amendment speech, and that Jorge Arcaute, to further his own political influence within the City, terminated his employment on the basis of those complaints.[20]

To support these assertions, Plaintiff attaches Exhibits A-E. Since Plaintiff cites to no other evidence, the Court must determine whether Plaintiff presents competent summary judgment evidence in these exhibits.[21]

Exhibit A is Plaintiff's affidavit. While the affidavit is somewhat conclusory and vague, Plaintiff's averment that he "reported improprieties" sufficiently asserts that he engaged in speech. Plaintiff does not indicate if or how he possesses personal knowledge of the events described in paragraphs seven through nine of his affidavit, regarding allegations of cronyism in the City of Alton.[22] Accordingly, these paragraphs cannot serve as evidence for the allegations in his complaint. However, the statements in paragraphs ten through twenty pertain to expenditures to build the fire station, fire department personnel hires, and Plaintiff's own complaints about bid-rigging.[23] The Court infers from Plaintiff's prior position as Fire Chief that he bases these assertions in personal knowledge.[24]

Exhibits B and C are statements from Jorge Arcaute to Plaintiff regarding the allegations that led to the termination of Plaintiff's employment.[25] Plaintiff delineates differences in the two

---

[19] Dkt. No. 21, Attach. 1, at p. 3, ¶¶ 15-18.
[20] Dkt. No. 21, at p 4, ¶¶ 15-19.
[21] FED. R. CIV. P. 56(c).
[22] *See* Dkt. No. 21, at p. 2.
[23] The Court here assumes for ease of analysis that the individual named in paragraph 11, Juan Jose Salinas, was also employed with the Fire Department.
[24] *See* DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005) (holding that affiant's personal knowledge may reasonably be inferred); Amie v. El Paso Indep. Sch. Dist., 253 Fed. Appx. 447, 451 (5th Cir. 2007) ("Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge.").
[25] Dkt. No. 21, Attach 1, at pp. 5-6, Exhs. B–C.

statements in an attempt to question Mr. Arcaute's credibility, a proper issue for a jury.[26] However, these exhibits would support only the last element of a §1983 claim, and as explained below the Court will not reach that element. Thus, the Court will consider neither exhibit as evidence supporting Plaintiff's complaint.

Exhibits D and E are statements by Hector Caballero.[27] Mr. Caballero's statements are not competent summary judgment evidence because neither statement is sworn nor made under the penalty of perjury.[28] Additionally, each statement is rife with hearsay, which the Court would be compelled to strike.[29] The remaining non-hearsay content could not support Plaintiff's assertions.

*A Genuine Dispute of Fact*

Having considered the assertions and evidence which Plaintiff and Defendants offer, it is clear that while much of Plaintiff's proffered evidence cannot serve as competent summary judgment evidence, Plaintiff's own affidavit supports his assertions sufficiently to create a genuine dispute of fact, one that would be proper for the jury if material. Thus, the Court must determine whether the dispute is over any material fact.

### III. LEGAL ANALYSIS

Having concluded that Plaintiff has successfully "pierced the pleadings" and supported his allegations of a First Amendment violation,[30] the question now before the Court is whether Plaintiff's speech was protected under the First Amendment. The answer to this question must

---

[26] *See* Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir. 1969) (en banc) ("[I]t is the function of the jury as the traditional finder of facts, and not the court, to weigh conflicting evidence and inferences, and to determine the credibility of witnesses."); Vaughn v. Woodforest Bank, 665 F.3d 632, 635 (5th Cir. 2011) (citation omitted) (holding that a court may not make credibility determinations or weigh evidence at summary judgment).

[27] Dkt. No. 21, Attach 1, at pp. 7-8, Exhs. D–E.

[28] FED. R. CIV. P. 56(e); Okoyekt v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 515 (5th Cir. 2001).

[29] Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

[30] *See* Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (holding that the nonmovant is required to pierce the pleadings with "specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.").

come from the Court, not from a jury: "Whether [the plaintiff] engaged in protected speech is a purely legal question...."[31] The Court must answer this question before proceeding to questions of individual liability.[32]

In *Nixon*, the Fifth Circuit delineated the elements a public employee must prove in order to prove that a free speech-related employment retaliation violated a constitutional right: "To establish a §1983 claim for employment retaliation related to speech, a plaintiff-employee must show: (1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action."[33]

Since it is clear that employment termination qualifies as an adverse employment action, the Court will move to the second element. However, "[t]he Supreme Court's decision in *Garcetti* added a threshold layer to the analysis of whether a public employee spoke as a citizen on a matter of public concern—namely a determination of whether the plaintiff spoke pursuant to his or her official duties."[34] "*Garcetti*, however, did not explicate what it means to speak pursuant to one's official duties."[35] What speech pursuant to one's official duties means can be somewhat ambiguous, because though speech *required* by one's employment is clearly not protected, "a formal job description is not dispositive . . . nor is speaking on the subject matter of one's employment."[36]

The Fifth Circuit's jurisprudence on what it means to speak pursuant to one's official duties does not precisely bear on this case, but bears near enough that the decision is an easy

---

[31] Charles v. Grief, 522 F.3d 508, 512 (5th Cir. 2008).
[32] *See* Haverda v. Hays Cnty., 723 F.3d 586, 598 (5th Cir. 2013) ("To determine whether qualified immunity is appropriate, a court undertakes a two-step analysis. First, a court evaluates whether, taking the facts in the light most favorable to the plaintiff, the official's conduct violated a constitutional right.").
[33] Nixon v. City of Houston, 511 F.3d 494, 497 (5th Cir. 2007).
[34] Elizondo v. Parks, 431 F. App'x 299, 303 (5th Cir. 2011).
[35] *Nixon*, at 497.
[36] *Id.*, at 498.

jump. Similar to several other Fifth Circuit cases, here Plaintiff's speech involved a matter of public concern,[37] and his speech was not required by his job.[38] Yet his complaints about expenditures to build a fire station, construction contract awards, and unqualified or preferential fire department hires all related to his public duties as Fire Chief. By Plaintiff's own evidence, he made his complaints in the course of performing his employment,[39] he addressed his complaints inside his own organization,[40] and he made these complaints speaking as Fire Chief.[41] Thus, he made the complaints pursuant to his duties.

For this reason, Plaintiff asserts facts that are immaterial to his claim of a First Amendment violation. Though Plaintiff's speech touched on matters of public concern, Plaintiff's allegations and evidence have not given rise to even the possibility of a First Amendment claim.[42] Thus, the Court will not assess whether Plaintiff's interest in the speech outweighed the government's need for efficiency. The slim protection of that balancing test may be reached only if Plaintiff spoke as a citizen. "[E]ven if the speech is of great social importance, it is not protected by the First Amendment so long as it was made pursuant to the worker's official duties."[43]

---

[37] *See* Charles v. Grief, 522 F.3d 508, 514 (5th Cir. 2008) ("It is well-established, though, that speech relating to official misconduct or racial discrimination almost always involves matters of public concern.").

[38] *See* Williams v. Dallas Indep. Sch. Dist., 480 F.3d 689, 694 (5th Cir. 2007) ("Simply because Williams wrote memoranda, which were not demanded of him, does not mean he was not acting within the course of performing his job."); *see also* the facts in Nixon. Tellingly, in *Williams* the Fifth Circuit also found persuasive an Eleventh Circuit case in which a university employee who alleged improprieties in her supervisor's handling of federal funds was found to have acted pursuant to her official employment responsibilities (*see* Battle v. Bd. of Regents, 468 F.3d 755, 761 (11th Cir. 2006)).

[39] Elizondo v. Parks, 431 F. App'x 299, 303-04 (5th Cir. 2011) ("this court has repeatedly held that statements made in the course of performing one's job are not protected.").

[40] *See* Charles at 514 (noting as a factor in finding plaintiff spoke as a citizen that plaintiff's speech was not made to "higher-ups in his organization").

[41] *Cf. Charles* at 513-14 (noting plaintiff's efforts to speak as a citizen, despite identifying himself as a government employee).

[42] *See Nixon*, at 498 (" If a court determines that an employee is not speaking in his/her role as an employee, but rather as a citizen on a matter of public concern, 'the possibility of a First Amendment claim arises.'").

[43] *Williams*, at 692.

After reaching this conclusion, the Court need not consider whether Plaintiff's interest in the speech outweighed the government's need for efficiency, nor whether the speech actually precipitated his dismissal, nor Defendants' individual liability. Only after finding a violation of a constitutionally protected right would the court decide whether the City could be liable under *Monell* and its progeny,[44] or whether the claim could surpass Mr. Arcaute's qualified immunity.[45] In the absence of such a finding, the Court will not address the arguments which form the bulk of the motion and the reply.

### IV.   HOLDING

This case does not present a "genuine dispute of material fact," so summary judgment is appropriate. The Court therefore **GRANTS** the motion for summary judgment.

IT IS SO ORDERED.

DONE this 26th day of September, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[44] Monell v. New York City Dep't of Social Servs., 436 U.S. 658; Board of County Commissioners of Bryant County v. Brown, 520 U.S. 397.

[45] *Haverda*, at 598 ("Second, a court must determine whether that constitutional right was clearly established at the time of the conduct.").